

**U.S. Department of Justice**
*United States Attorney*
*Western District of North Carolina*

| *Headquarters:* | *Branch:* |
|---|---|
| *Suite 1650, Carillon Building* | *Room 233, U.S. Courthouse* |
| *227 West Trade Street* | *100 Otis Street* |
| *Charlotte, North Carolina 28202* | *Asheville, North Carolina 28801* |
| *(704) 344-6222* | *(828) 271-4661* |
| *FAX (704) 344-6629* | |

*Reply to: Asheville Office*

August 17, 2018

**VIA CERTIFIED MAIL**
Dr. James E. MacAlpine
603 Woodlea Court
Asheville, NC 28806

Re: Discovery Procedures/Next Steps

Dear Dr. MacAlpine:

You may recall that, at your initial appearance in U.S. District Court on August 10, 2018, Judge Howell asked how the parties would handle discovery in this case. At the time, I was not sure of the answer, so I told the Court we would make a decision and file a notice with the Court within a week.

I have now discussed the matter with others in my office, and we have determined that we can proceed in your case according to our usual "open file" discovery policy. In general, that means we will produce to you all of the evidence that we have related to the offenses you have been charged with committing.

I am attaching a Discovery Agreement for you to sign and return to my office at the Asheville address set forth at the top of this letter. The Discovery Agreement is designed for cases where the defendant is represented by an attorney, so you will notice that it frequently references the obligations of "counsel," in addition to the obligations of "the defendant."

Because you are representing yourself, you will be bound in all the ways that *both* "counsel" *and* "the defendant" would ordinarily be bound. Please review the Discovery Agreement carefully; it places certain restrictions on your use and handling of the information we are going to provide to you, and if you violate those restrictions, you could be found in breach of the agreement.

When you have returned the signed Discovery Agreement to our office, we will make a discovery production available to you. You can pick up the production materials and review them in preparation for your trial. As a reminder, if you would prefer to resolve your case with some kind of plea agreement, rather than a trial, it is your obligation to reach out to our office and ask to negotiate a plea agreement.

If, at any time, you decide that you no longer want to represent yourself, and decide to retain an attorney, that attorney will need to execute a Discovery Agreement, as well. Please keep us apprised of any changes in your representation status.

Sincerely,

R. ANDREW MURRAY
UNITED STATES ATTORNEY

/s/ Daniel V. Bradley

DANIEL V. BRADLEY
ASSISTANT UNITED STATES ATTORNEY