

# U.S. Department of Justice

United States Attorney
Western District of North Carolina

| **Headquarters:** | **Branch:** |
|---|---|
| Suite 1700, Carillon Building | Room 233, U.S. Courthouse |
| 227 West Trade Street | 100 Otis Street |
| Charlotte, North Carolina 28202 | Asheville, North Carolina 28801 |
| (704) 344-6222 | (828) 271-4661 |
| FAX (704) 344-6629 | FAX (828) 271-4670 |

Reply to: Asheville Office

August 17, 2018

Re: Discovery Agreement *(unredacted discovery)*
     United States v. James E. MacAlpine
     Docket No.: 1:18CR92

Dear Counsel:

This letter confirms the agreement between the United States, defense counsel and Defendant regarding discovery in the above-referenced case. The United States is providing defense counsel with electronic and/or paper images of certain documents in its possession pursuant to Federal Rule of Criminal Procedure 16, *Brady/Giglio* and the United States Attorney's Office (USAO) Expanded Discovery Policy (a copy of which is attached hereto). In consideration of the United States' production of discovery materials, at its expense, the parties agree to abide by the terms of this agreement and paragraph 21 of the Standard Criminal Discovery Order ("paragraph 21"), which states:

> Any discovery material, including but not limited to, statements and summaries of interviews of witnesses made available for review by the prosecution to the defense shall not be used by the defendant or his attorney for any purpose other than in direct relationship to the case and no further disclosure shall be made of these items.

Additionally, paragraph 19 of the Standard Criminal Discovery Order provides:

> [A]ny terms and conditions regarding the Open-File Policy to which the government and defense counsel have agreed shall be binding upon the parties unless such terms and conditions are clearly unfair or unreasonable.

It is therefore agreed that disclosure of information contained in the discovery materials, which are provided pursuant to paragraph 21 of the Standard Criminal Discovery Order and this agreement, to any person other than the defendant is strictly prohibited without the express written consent of the USAO. **It is further agreed CD Roms and/or paper copies of discovery provided to defense counsel pursuant to this agreement will remain in the custody and control of defense counsel.** Defense counsel may exhibit copies of the discovery materials to the defendant and discuss their content with the defendant under the conditions described below, but defense counsel will not permit the defendant to possess or control copies of discovery materials.

The United States has further advised defense counsel that certain materials will be redacted to protect (1) privileged information; (2) personal identifying information (witness's social security numbers, dates of birth, addresses and telephone numbers); and (3) other information, disclosure of which could compromise unrelated investigations. The United States will Bates stamp all redacted documents, preserve the originals and, if ordered, produce unredacted originals for the Court's *in camera* review.

If the case is one in which there are a significant amount of documents containing privileged or personal identifying information, these materials have not been redacted because of the volume of discovery with such information. **Defense counsel agrees that he or she will ensure that the defendant is not permitted to write down or otherwise possess such personal identifying information by either (1) only allowing the defendant to review discovery under the personal, direct, and constant supervision of defense counsel or a member of defense counsel's staff or (2) redacting personal identifying information before exhibiting any such document to the defendant in defense counsel's office**. Defense counsel agrees that failure to redact personal identifying information from a document exhibited to the defendant may be punishable by contempt of court, as well as by the loss of discovery privileges with the United States Attorney's Office.

When it is ready, the electronic discovery will be made available for pick-up at the Asheville office of the United States Attorney's Office for the Western District of North Carolina (the "USAO"). Counsel will be required to sign for their receipt of the discovery materials. If you wish to send a staff member or courier to pick-up discovery, we will require advance notice to the USAO of that person's name and association with your office. We will also agree to send materials to you by a secure means at your expense. We will notify you by email when discovery is ready for pick-up. Please email or call my assistant Alicia Shelton at 828-259-0652 or Alicia.Shelton@usdoj.gov to arrange for pick-up of electronic discovery.

The United States has made a good faith effort to electronically provide the documentary evidence it has received in its investigation. However to ensure that you have access to the evidence in the event you would like to review it, the United States will also make the discovery available for inspection at the investigating agency's office upon counsel's request and by scheduling an appointment through our office.

Additionally, if there is physical evidence that has been obtained during the investigation, a list of this physical evidence will be provided pursuant to the terms of this discovery agreement,

upon request. This material, too, is available for your inspection at the investigating agency's office, upon request and by scheduling an appointment through our office.

The investigation into additional charges in this matter continues, and we expect that that investigation will likely produce additional discovery, including financial records and interview reports. The United States is aware of its continuing discovery obligation and will provide copies of additional discovery materials or the opportunity to inspect additional discovery materials under the terms of this agreement. However, while we will make an effort to advise you when additional discovery is available for inspection, whether or not specific notice is made, it is your responsibility to check for additional discovery materials.

Please note that the United States has excluded from the current production certain reports relating to confidential sources. At your request, the United States will produce such reports two weeks prior to trial.

In addition to possible court sanctions for violation of the Standard Criminal Discovery Order, the United States reserves the right to withdraw from this agreement and, thereafter, deny such privileges and benefits to defense counsel if such counsel (or member(s) of his/her firm) violates the provisions of paragraph 21 or other terms of this agreement.

By their signatures below, defense counsel and the defendant state that they have discussed the conditions of this discovery agreement and that the defendant waives his/her right, if any, to receive physical possession of the discovery in this case and that all discovery materials shall be returned to the USAO at the conclusion of this case. If defense counsel or the defendant decline to accept any term of this agreement, the United States will withdraw from the Expanded Discovery Policy, but will provide discovery in strict compliance with Federal Rules of Criminal Procedure, applicably statutes and *Brady/Giglio* as modified by the Court's orders, if any.

**THIS AGREEMENT IS NOT BINDING UNLESS SIGNED AND DATED BY ALL PARTIES AND THE ORIGINAL IS RETURNED TO THE USAO.**

R. Andrew Murray
UNITED STATES ATTORNEY

_____          _____
Date                            Daniel V. Bradley
                                Assistant U.S. Attorney


_____          _____
Date

                                Attorney for Defendant


_____          _____
Date                            James E. MacAlpine
                                Defendant

UNITED STATES ATTORNEY'S OFFICE
WESTERN DISTRICT OF NORTH CAROLINA
<u>STATEMENT OF USAO EXPANDED DISCOVERY POLICY</u>

      1.    WDNC's Expanded Discovery Policy is intended to make discovery available to defense counsel in an indicted criminal case in order to expedite its resolution. The Expanded Discovery Policy does not create any procedural or substantive rights for the defendant's access to expanded or expedited discovery. However, all parties—including the defendant—agree that mishandling discovery in violation of the Expanded Discovery Agreement as incorporated by reference in the Court's Standard Discovery Order may subject counsel and/or the defendant to appropriate sanctions.

      2.    Although the Expanded Discovery File <u>may</u> contain materials in addition to those materials which the government is required to make available to the defense pursuant to Fed.R.Crim.P. 16, the Expanded Discovery Policy does <u>not</u> mandate that the prosecutor make available to defense counsel everything known to the prosecutor. For example, the Expanded File may not information constituting *Jencks* and/or *Giglio* material, including but not limited to witness statements, though a prosecutor may choose to include such information on a case-by-case basis.

      3.    The Expanded Discovery Policy is designed to give each individual prosecutor flexibility and discretion over disclosure of nondiscoverable materials, including any decisions about whether the evidence in question comes within the Expanded Discovery Policy, while at the same time allowing defense counsel early and convenient access to such materials.

      4.    Subject to the foregoing, the Expanded Discovery Policy typically may contain some or all of the following: a case report, statements of the defendant, exculpatory material, the defendant's prior record, reports of examinations and tests, documents and tangible objects, and statements of key witnesses. The Expanded Discovery Policy will <u>not</u> contain attorney work product, grand jury transcripts, internal memoranda, internal government documents made by the attorney for the government, nondiscoverable correspondence, or internal memoranda made by government agents in connection with the investigation or prosecution of the case.

      5.    The Expanded Discovery Policy does not include nondiscoverable materials which are not in the U.S. Attorney's file but which are in possession of federal, state, or local law enforcement agencies, regardless of whether the prosecutor is aware of such materials. Any request by defense by defense counsel to review nondiscoverable materials in possession of an agency will be considered on a case-by-case basis.

      6.    Materials may be added to the Expanded Discovery File at any time, and it is the responsibility of defense counsel to check the file in order to determine whether materials have been added.

      7.    Copies of Expanded Discovery File materials, including discoverable materials, will ordinarily <u>not</u> be made in the office or at the expense of the U.S. Attorney or the agency. Requests for exceptions will be considered on a case-by-case basis. In the event of trial, however, copies of any statements by the defendant and by the government witnesses and a copy of the defendant's criminal record will be provided as required by Rule 16; by the Jencks Act, 18 § 3500; and by the United States Constitution.

      8.    Any individual prosecutor may elect not to follow the Expanded Discovery Policy (as defined herein) in any case, by giving written notice to the Court and to defense counsel. Such an election means that <u>only</u> discoverable materials will be made available in that case.