UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:18CR92 |
| | ) | |
| | ) | |
| vs. | ) | GOVERNMENT'S RESPONSE |
| | ) | IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION TO |
| JAMES E. MACALPINE, | ) | DISMISS |
| Defendant. | ) | |
| _____ | ) | |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, in response to the Defendant's "Motion to Dismiss, Challenge to Jurisdiction, Demand for Sanctions" filed on September 12, 2018. (Doc. #14). The motion is frivolous and should be denied.

Ignoring the advice of both the Government and Magistrate Judge Howell, the Defendant has elected to represent himself. His *pro se* motion is replete with vituperative language, misstatements of various court opinions, missing premises, and otherwise frivolous arguments. To the extent that there is *any* discernable thread to his arguments, it is that the federal government lacks the ability to tax the Defendant because, he asserts, he is a "nonresident alien." This argument is entirely without merit.

### 1. *This Court has Subject Matter Jurisdiction Over Title 26 Violations*

As an initial matter, the Defendant asserts—without support—that the Court lacks subject matter jurisdiction. At the risk of lending this argument more legitimacy than it deserves, the Defendant's assertion is wrong. Title 18, United States Code, Section 3231 explicitly vests federal district courts with jurisdiction over all federal crimes. That section provides:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

18 U.S.C. § 3231. By operation of 18 U.S.C. § 3231, jurisdiction over all crimes against the United States is conferred upon the federal courts, subject to Article III, Section 2, of the U.S. Constitution. District courts of the United States have jurisdiction over all offenses against the laws of the United States. *United States v. Field*, 193 F.2d 92, (2d Cir. 1951).

In addition, Congress is empowered by Article I, Section 8 of the Constitution to create, define, and punish crimes irrespective of where they are committed. *United States v. Worrall*, 2 U.S. (2 Dall.) 384, 393-94 (1798). Jurisdictional theories similar to those espoused by the Defendant have been considered and rejected outright by various courts. *See United States v. Evans*, 717 F.2d 1334 (11th Cir. 1983) (appellant's contention that district court lacked subject matter jurisdiction over the offense of willful failure to file federal income tax

returns was frivolous); *United States v. McCarty*, 665 F.2d 596, 597 (5th Cir. 1982) (the defendant's jurisdictional claims were "without perceivable merit."); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) ("[e]fforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either 'silly' or 'frivolous' by a myriad of courts throughout the nation." (citations omitted)).

Furthermore, the Sixteenth Amendment empowers Congress to create and administer a federal income tax, an authorization which the Supreme Court has recognized for more than one hundred years. *See Brushaber v. Union Pac. R.R.*, 240 U.S. 1, 12-19, 36 S.Ct. 236, 239-42, 60 L.Ed. 493 (1916); *Collins*, 920 F.2d at 629; *United States v. Drefke*, 707 F. 2d 978, 981 (8th Cir. 1983); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1984); *United States v. Spine*, 945 F.2d 143, 149 (6th Cir. 1991). Congress has the authority to tax, and "with that authority must go the power to enforce the collection of such taxes." *United States v. McMullen*, 755 F.2d 65, 67 (6th Cir. 1984).

The authority of Congress under the Sixteenth Amendment includes authority to enact criminal sanctions for violations of the Internal Revenue Code, over which federal district courts have original jurisdiction. *United States v. Koliboski*, 732 F.2d 1328, 1329 (7th Cir. 1984) (rejecting as "silly" the claim that district courts lack subject jurisdiction under 18 U.S.C. § 3231 over Title 26

violations); *see also United States v. Latham*, 754 F.2d 747, 749 (7th Cir. 1985).
This Court therefore has subject matter jurisdiction over the offenses alleged
against the Defendant in the Bill of Indictment.

    2.    *The Defendant is a United States Citizen*

The Defendant asserts—again incorrectly and without legal basis—that because he claims to be citizen of North Carolina[1] he is not a United States citizen, and therefore claims the status of "nonresident alien."

While the rights and responsibilities associated with state and federal citizenship might differ at the margins, but they are not mutually exclusive. The following facts are not in dispute: the Defendant was born in Michigan; he has lived in Asheville since 1949 (except for brief periods of schooling); he has a United States passport; he has a Social Security number; he is a registered voter who cast a ballot in the last presidential election, as has been his practice for all of his adult life; as a young man he registered in the Selective Service as required; and he has never formally renounced his United States citizenship, nor undertaken efforts to attempt to do so. He has operated an orthodontic practice in Asheville for decades. He has reaped the benefits of his American citizenship for his entire

---

[1] He also asserts that he is a citizen of "North Carolina" but not the "State of North Carolina," referring to the latter as "a fraudulent, seditious entity . . . ." (Doc. #14, p. 6). This claim is patently frivolous and unworthy of a response.

life.  The only known context in which he has denied his citizenship is his willful non-payment of taxes.

The Defendant's motion lacks any support for the notion that a citizen of North Carolina is not a United States citizen, and he has not done what the law requires to shed himself of the status conveyed upon him at the moment of his birth in Michigan by the Fourteenth Amendment ("All persons born or naturalized in the United States and subject the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.").  The Defendant is a United States citizen.

The federal courts have consistently rejected this "shop worn" tax protester argument that citizenship in a state renders a defendant an alien beyond the reach of the federal government.  *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) ("This belief [that state citizenship renders a defendant an alien beyond the reach of the federal courts] is, of course, incorrect."); *United States v. Sloan*, 939 F.2d 499, 499-501 (7th Cir. 1991) ("Like moths to a flame, some people find themselves irresistibly drawn to the tax protestor movement's illusory claim that there is no legal requirement to pay federal income tax.  And, like the moths, these people sometimes get burned."); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (denying a similar claim as "completely without merit, patently frivolous, and . . . rejected without expending any more of [the] Court's resources on [its] discussion.").  The Defendant's arguments should be summarily denied.

Page **5** of **8**

Case 1:18-cr-00092-MR-DLH   Document 17   Filed 09/19/18   Page 5 of 8

### 3. *Even Aliens Must Pay Taxes on Income Earned in the United States*

Furthermore, even if he were not a United States citizen, he would be required to pay taxes on income earned at his orthodontic practice in Asheville.

American citizens (like the Defendant), wherever resident, must pay federal income taxes, regardless of where that income was earned. 26 CFR § 1.1-1(b). However, as the Defendant concedes in his motion (Doc. #14, p. 4), even aliens must pay federal income taxes. 26 CFR § 1.871-1. Resident aliens are taxable as United States citizens—that is, on income derived both within and without the United States. *Id.* Even if the Defendant was not a United States citizen by birth, he would be resident alien under the "substantial presence test"—he would not be a "nonresident alien" as a full-time resident of the United States for the entirety of his life. 26 CFR § 301.7701(b)-1(c). The Defendant does not dispute that he has lived in North Carolina consistently for decades.

However, even nonresident aliens must pay taxes on income connected to a trade or business in the United States. 26 CFR §§ 1.871-8 and 1.871-9. The Defendant does not dispute that he derived income from his orthodontic practice in Asheville for decades, which is a "trade or business within the United States" according to the tax laws. 26 CFR § 1.864-2. Even if he somehow did this as a nonresident alien, he still owes federal taxes on the income earned from this trade

or business in the United States. The Defendant's tortured argument that he is a nonresident alien avails him nothing given the source and origin of his income.

    4.    *<u>Defendant's Remaining Arguments are Frivolous</u>*

The Defendant's remaining arguments and requests are frivolous, and the Government will not respond unless directed to do so by the Court.

WHEREFORE the United States respectfully requests that the Court deny the Defendant's motion in its entirety.

RESPECTFULLY SUBMITTED, this the 19th day of September, 2018.

R. ANDREW MURRAY
UNITED STATES ATTORNEY


/s Don Gast
_____

DON GAST
ASSISTANT UNITED STATES ATTORNEY
N.C. Bar Number: 23801
100 Otis Street, Suite 233
Asheville, NC 28801
Telephone: (828) 271-4661
Facsimile: (828) 271-4670
Don.Gast@usdoj.gov

# CERTIFICATE OF SERVICE

A copy of the foregoing document was mailed to the Defendant at his home address:

    James E. MacAlpine
    603 Woodlea Court
    Asheville, NC 28806

This the 19th day of September, 2018.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

/s Don Gast
_____

DON GAST
ASSISTANT UNITED STATES ATTORNEY
N.C. Bar Number: 23801
100 Otis Street, Suite 233
Asheville, NC 28801
Telephone: (828) 271-4661
Facsimile: (828) 271-4670
Don.Gast@usdoj.gov