UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:18CR92 |
| | ) | |
| | ) | |
| vs. | ) | GOVERNMENT'S |
| | ) | MOTION *IN LIMINE* |
| | ) | TO PRECLUDE CERTAIN |
| JAMES E. MACALPINE, | ) | EXHIBITS, TESTIMONY, AND |
| Defendant. | ) | ARGUMENTS |
| _____ | ) | |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, and files this Motion *in Limine* to Preclude Certain Exhibits, Testimony, and Arguments. Based upon the Defendant's history of frivolous correspondence with the IRS, and his Motion to Dismiss filed on September 12, 2018 (Doc. # 14), the Government anticipates that the Defendant may intend to make improper arguments and introduce a variety of documents and quasi-legal gibberish at trial relating to what is commonly referred to as "sovereign citizen" or "tax defier" theories. These theories pertain to questions of law, not fact, and could confuse and mislead a jury during trial. Furthermore, the Government also anticipates that the Defendant may attempt to elicit testimony from witnesses regarding what the Defendant purportedly believed about these theories, and that the Defendant may

not be aware of the rules concerning jury nullification and arguments regarding sentencing. The Government therefore requests that the Court prevent the Defendant from presenting these improper exhibits, testimony, and arguments during trial.

## Background

On August 8, 2018, a federal Grand Jury in the Western District of North Carolina issued a Bill of Indictment against the Defendant related to his long history of failing to pay his federal income taxes. (Doc. #1). It is alleged in the Indictment that the Defendant "submitted several frivolous documents and letters to the IRS" in 2006 and 2007, and later asserted that he was a "non-resident alien, and raised other frivolous claims." (*Id.* at p. 3, para's. 12-13).

The Defendant had his Initial Appearance hearing on August 10, 2018 and elected to represent himself. On September 12, 2018, the Defendant (still acting *pro se*) filed a motion entitled, "Motion to Dismiss, Challenge to Jurisdiction, Demand for Sanctions," wherein he again asserted his claim of being a non-resident alien who is not required to pay taxes (along with other equally frivolous arguments and requests). (Doc. #14). The Government responded in opposition to this motion on September 19, 2018. (Doc. #17).

This matter is currently scheduled for trial during the November 7, 2018 term. As of the date of this filing, the Defendant continues to represent himself.

## Argument

The Defendant's claims are not new—these types of arguments have a long history of failure in the federal courts. *See, e.g., United States v. Sloan*, 939 F.2d 499, 499-501 (7th Cir. 1991) ("Like moths to a flame, some people find themselves irresistibly drawn to the tax protestor movement's illusory claim that there is no legal requirement to pay federal income tax. And, like the moths, these people sometimes get burned."). Defendants who associate with the tax-defier movement often attempt to introduce different types of legal and pseudo-legal materials. During criminal trials, these defendants often invoke, usually out of context, portions of the following legal resources: U.C.C. provisions, admiralty and maritime law, the Federal Rules of Civil Procedure, definitions of legal terms from Black's Law Dictionary, sentences from court opinions cited out of context, and other obscure treaties and other legal authorities.

While defendants in tax cases are entitled to introduce evidence bearing on a subjective good faith belief that they were not required to file tax returns or pay taxes, *United States v. Cheek*, 498 U.S. 192, 201-206 (1991), the federal courts have recognized that allowing the introduction of legal or pseudo-legal materials presents a significant danger of confusing and misleading the jury and resulting in waste of time, thereby meriting its exclusion under Federal Rule of Evidence 403. Accordingly, trial courts may appropriately limit defendants who deny that they

had an obligation to file tax returns or pay taxes to oral testimony about the nature and basis of their purported beliefs.

Although a good faith misunderstanding of his duty under the law may be a defense, a disagreement with the law is not since one has to know what the law is in order to disagree with it. *Cheek*, 498 U.S. at 201-202.  The Defendant is not permitted to blur the line between factual evidence about his state of mind and the actual law.  *See* Fed. R. Evid. 103(c).  The Defendant's views regarding the constitutionality and validity of the tax laws are irrelevant in a criminal tax case because a mere disagreement with the tax laws is no defense to the charged crime. *Id.* at 202-03; *United States v. Powell*, 955 F.2d 1206, 1212 (9th Cir. 1991); *United States v. Barnett*, 945 F.2d 1296, 1298-1301 (5th Cir. 1991).  In *Cheek*, the Supreme Court held that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Cheek*, 498 U.S. at 206.  Consequently, the Supreme Court affirmed the district court's use of the following instruction: "An opinion that the tax laws violate a person's constitutional rights does not constitute a good-faith misunderstanding of the law." *Id*. at 204.

Exhibits, testimony, and arguments that cite the law, constitute incorrect statements of the law, and invade the province of the Court to instruct the jury on

the law should be excluded.  Such evidence will confuse the jury as to their true role of determining the factual issues before them as opposed to making findings of law.  The Defendant also should be precluded from offering evidence that is irrelevant, designed to confuse the jury or elicit sympathy, or constitutes speculation from witnesses regarding the contents of the Defendant's mind.

I. <u>Defendant Should Be Precluded from Offering Evidence that Cites the Law, Constitutes Incorrect Interpretations of the Law, or Invades the Province of the Court to Instruct the Jury on the Law.</u>

Copies of statutes, legal treatises, case law, and documents that include citations to the law or that attempt to interpret the law should be excluded from evidence in this case.  Introduction of such evidence through documents or witnesses would invade the province of the Court to instruct the jury regarding the law.  *United States v. Garber*, 589 F.2d 843, 849 (5th Cir. 1979) ("The law is neither introduced as evidence nor presented through witnesses at trial").

It is well-established that "[i]n our judicial system the court instructs the jury on the applicable law, and directs the jury to determine the facts from the evidence and to apply the law as given by the court to those facts."  *United States v. Graber*, 589 F.2d at 849.  The Court should determine the applicable law and so instruct the jury.  "It is within the sole province of the court 'to determine the applicable law and to instruct the jury as to that law.'"  *United States v. Hill*, 167 F.3d 1055, 1069 (6th Cir. 1999) (quoting *In re Air Crash Disaster*, 86 F.3d 498, 523 (6th Cir.

1996); *see also United States v. Mann*, 884 F.2d 532, 538 (10th Cir. 1989) ("It is the district court's peculiar province to instruct the jury on the law . . . ."); *United States v. Willie*, 941 F.2d 1384, 1396 (10th Cir. 1991) (holding that the law is given to the jury by the court and not introduced as evidence because it would be "most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be . . . .").

    Accordingly, the federal courts of appeals have repeatedly upheld decisions by district courts refusing to admit legal materials offered by defendants as exhibits in criminal tax trials. *See, e.g., United States v. Stafford*, 983 F.2d 25, 27 (5th Cir. 1993) (trial court properly refused to admit court cases); *United States v. Payne*, 978 F.2d 1177, 1182 (10th Cir. 1992) (refusing to admit federal court decision, copies of the IRC, or defendant's legal research notes); *United States v. Barnett*, 945 F.2d 1296, 1301 n.2 (5th Cir. 1991) (trial court acted properly in excluding multiple volumes of the IRC, the United States Constitution, an IRS Privacy Notice Act, the Black's Law Dictionary definition of "income," the Texas State Constitution, and an IRS handbook for special agents); *United States v. Willie*, 941 F.2d 1384, 1391-97 & n.11 (10th Cir. 1992) (trial court properly refused to admit the U.S. Constitution, legal decisions, or other historical materials); *United States v. Fingado*, 934 F.2d 1163, 1164 (10th Cir. 1991) (refusing to allow defendant to testify about a civil court case on which he ostensibly relied in forming his views

about the tax laws); *United States v. Flitcraft*, 803 F.2d 184, 185-186 (5th Cir. 1986); *United States v. Kraeger,* 711 F.2d 6, 7-8 (2d Cir. 1983) (excluding federal court decisions proffered by a tax protester); *United States v. Cooley*, 501 F.2d 1249, 1253-54 (9th Cir. 1974) (refusing to admit U.S. Supreme Court decisions, IRS training manual, and materials from the Congressional Record).

Similarly, the courts have typically refused to permit tax-defier publications and seminar materials to be introduced into evidence at trial. *See Stafford*, 983 F.2d at 27-28 (excluding magazine and newspaper articles proffered by defendant); *Payne*, 978 F.2d at 1181-82 (refusing to admit book by Irwin Schiff); *Barnett*, 945 F.2d at 1301 & n.2 (refusing to admit tax protester books*)*; *United States v. Hairston*, 819 F.2d 971, 973 (10th Cir. 1987) (excluding tax protester publications and seminar materials); *United States v. Latham*, 754 F.2d 747, 751 (7th Cir. 1985) (excluding portions of tax protester books that included general criticisms of the tax system and raised questions about its constitutionality). *Cf. United States v. Fingado*, 934 F.2d at 1164 (admitting book by tax protester advocate, but taping it shut so that jury could not review its contents). In a related context, the Fourth Circuit upheld a district court's refusal to allow a defense witness to testify that, based upon his examination of codes in the defendant's individual IRS Master File, it was his conclusion that the IRS collection branch did not believe the defendant was obligated to submit tax returns. *United States v. Sasscer*, 1994 WL 233221, at

*3 (4th Cir. May 31, 1994) (unpublished) ("the collection branch's belief concerning his duty to file was not relevant to whether [Sasscer] was obligated to file a return").  The Defendant can present legal arguments to the Court in a trial brief or through proposed jury instructions.  The Court can then determine the law and present it to the jury after all the evidence has been presented.

     While documentary materials of the character set forth above are generally not admitted into evidence, a defendant is entitled to a reasonable opportunity to testify about the materials upon which he or she relied.  *See United States v. Hairston*, 819 F.2d at 973 (upholding district court's decision to exclude tax protester materials based on conclusion that allowing the defendant to quote titles, read passages, and summarize materials properly minimized the risk of jury confusion while allowing the defendant to present a defense, and further noting that "direct testimony from Mr. Hairston regarding the effect these seminars and publications had on his understanding of the tax law filing requirements was more probative of his proffered defense than the materials themselves."); *Middleton*, 246 F.3d 825, 838-40 (6th Cir. 2001); *Stafford*, 983 F.2d at 28; *Payne*, 978 F.2d at 1181; *Barnett*, 945 F.2d at 1301 (noting that once the trial court allows testimony about the basis for the defendant's views, "the documents themselves become cumulative and the potential for jury confusion is minimized"); *Fingado*, 934 F.2d at 1165; *Latham*, 754 F.2d at 751.  However, courts may appropriately impose

reasonable limitations on the defendant's testimony if it becomes cumulative and could confuse the jury. *Sasscer*, 1994 WL 233221, at *2.

In order for material relating to defendant's state of mind to be admissible in a tax case, a defendant first must lay a proper foundation demonstrating that he "actually relied" upon the specific material that is being offered. *Powell*, 955 F.2d at 1214. The Court should exclude other such legal material as irrelevant and unnecessarily confusing because only defendant's subjective beliefs are at issue. The danger is that admission of both relevant and irrelevant beliefs "could easily obfuscate the relevant issue and tempt the jury to speculate that the mere existence of documentary support for the defendant's position negates his independent knowledge that he has a legal duty." *United States v. Willie*, 941 F.2d 1384, 1393 (10th Cir. 1991).

Once the proper foundation is established, the Court can then determine, using a Fed. R. Evid. 403 analysis, whether the material should be admitted or excluded. The Court should consider whether such materials could confuse the jury as to the law or enable the defendant to undermine the authority of the court. The factors relevant to such a determination include: (1) the centrality of the materials sought to be introduced to a defendant's claimed misunderstanding of the tax laws; (2) the materials' length and potential to confuse the jury; (3) the degree to which such materials are merely cumulative to a defendant's testimony or to

other evidence; (4) the extent to which a defendant may be attempting to use them to instruct the jury on the law or to propagate tax protestor beliefs; and (5) the potential utility of limiting instructions. *See United States v. Saldana*, 427 F.3d 298, 308 (5th Cir. 2005); *Powell*, 955 F.2d at 1214; *Barnett*, 945 F.2d at 1301 n.3; *Willie*, 941 F.2d at 1395.

   II.  <u>Defendant Should Be Precluded From Eliciting Self-Serving Statements or Presenting "State of Mind" Evidence Through Third-Party Witnesses.</u>

The Government anticipates that the Defendant, through cross-examination of Government witnesses or his own witnesses, may attempt to elicit testimony as to the witnesses' opinions as to what the Defendant purportedly believed. This would invite speculation regarding the contents of the Defendant's mind. *See United States v. Hauert*, 40 F.3d 197, 201-202 (7th Cir. 1994) ("by the nature of a tax protestor case, defendant's beliefs about the propriety of his filing returns and paying taxes, which are closely related to defendant's knowledge about tax laws and defendant's state of mind in protesting his taxpayer status, are ordinarily not a proper subject for lay witness opinion testimony absent careful groundwork and special circumstances. . ."); *United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992) (witness testimony regarding a defendant's observations, what the defendant was told, and what the defendant said or did "will often not be 'helpful' within the meaning of Rule 701 because the jury will be in as good a position as the witness to draw the inference as to whether or not the defendant knew"); *United States v.*

*Phillips*, 600 F.2d 535, 538-539 (5th Cir. 1979) (opinion of lay witness that defendant indicated he "understood" what he was doing gave no objective basis for jury to determine defendant's state of mind). Accordingly, the Defendant should be precluded from eliciting self-serving statements or presenting "state of mind" evidence through third-party witnesses during trial.

    III.    <u>Defendant Should Be Precluded From Encouraging Jury Nullification or Discussing Punishment</u>

It is well-settled that defense counsel (or the Defendant himself) may not encourage jury nullification during closing argument. *See, e.g.,United States v. Navarro-Vargas*, 408 F.3d 1184, 1198 (9th Cir. 2005) ("[A] number of courts have considered whether *petit* juries should be informed of their nullification power. The courts have uniformly rejected the idea."); *United States v. Trujillo*, 714 F.2d 102, 105-06 (11th Cir. 1983) ("[N]either the court nor counsel should encourage jurors to violate their oath."); *United States v. Funches*, 135 F.3d 1405, 1408 (11th Cir. 1998); *United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent."). "A trial judge . . . may block defense attorneys' attempts to serenade a jury with the siren song of nullification. . . ." *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993).

This general prohibition also extends to arguments regarding sentencing. *See, e.g., United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997) *rev'd on other grounds,* 119 S. Ct. 1707 (1999) ("[A]rguing punishment to a jury is taboo…."); *United States v. Pabon-Cruz*, 391 F.3d 86, 94 (2d Cir. 2004) ("[D]efendant had no legal right to a charge informing the jury of the sentencing consequences of its decisions."). "[U]nless a jury has a role in sentencing, such as in capital sentencing proceedings, jurors should be instructed not to consider a defendant's potential sentence during deliberations." *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997). As the Supreme Court explained:

> The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

*Shannon v. United States*, 512 U.S. 573, 579, 114 S.Ct. 2419, 2424 (1994). This includes, of course, information concerning statutory maximum and minimum sentences. *Id.* at 586 - 87 ("But, as a general matter, jurors are not informed of mandatory minimum or maximum sentences, nor are they instructed regarding probation, parole, or the sentencing range accompanying a lesser included

offense."). In that the jury will not have any role in sentencing in this case, they need not be advised of anything having to do with sentencing.

## Conclusion

For the foregoing reasons, the Government respectfully requests that the Court exclude evidence, testimony, and argument that is irrelevant, more prejudicial than probative, and improper.

## Request for Hearing

The Government respectfully requests a hearing on this Motion, preferably two or more weeks prior to trial, because the Defendant is proceeding *pro se* and may need more instruction regarding the scope of the Court's ruling on this Motion than would be typical. The Defendant may be preparing a trial strategy that will not conform to the Court's order, and therefore his calculations regarding his likelihood of success may be flawed. The Defendant has not provided reciprocal discovery, so the Government cannot fully anticipate the nature of his defense. A pretrial hearing to resolve these issues would assist the parties to negotiate stipulations—and perhaps a plea agreement—should it be held sufficiently in advance to permit the parties to communicate armed with a full understanding of the Court's order.

RESPECTFULLY SUBMITTED, this the 26th day of September, 2018.

R. ANDREW MURRAY
UNITED STATES ATTORNEY


/s Don Gast
_____

DON GAST
ASSISTANT UNITED STATES ATTORNEY
N.C. Bar Number: 23801
100 Otis Street, Suite 233
Asheville, NC 28801
Telephone: (828) 271-4661
Facsimile: (828) 271-4670
Don.Gast@usdoj.gov

# CERTIFICATE OF SERVICE

A copy of the foregoing document was mailed to the Defendant at his home address:

> James E. MacAlpine
> 603 Woodlea Court
> Asheville, NC 28806

This the 26th day of September, 2018.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

/s Don Gast
_____

DON GAST
ASSISTANT UNITED STATES ATTORNEY
N.C. Bar Number: 23801
100 Otis Street, Suite 233
Asheville, NC 28801
Telephone: (828) 271-4661
Facsimile: (828) 271-4670
Don.Gast@usdoj.gov