IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:18-CR-092-MR-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JAMES E. MACALPINE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Violation Report" (Document No. 20) submitted by the United States Probation Office in this matter. Having carefully reviewed the Report, the Court held a hearing on October 24, 2018, at which it heard the arguments of *pro se* Defendant and counsel for the Government. Other issues, including discovery and counsel, were also addressed. For the reasons stated below, the Court finds based on the record presented that Defendant did violate the terms of his pretrial release; however, the Court does not find that detention is appropriate in the case, and Defendant will remain out on his current terms of pretrial release.

**PROCEDURAL SUMMARY**

On August 8, 2018, Defendant was indicted (Document No. 1) on one count of tax evasion and one count of interference with tax administration. At his initial appearance before Judge Howell on August 10, 2018, Defendant was released on a $1,000,000 unsecured bond with the usual conditions and one additional condition that he comply with federal and state tax laws while on release. Defendant exercised his right to self-representation and has proceeded *pro se* throughout the case to date; Judge Howell in his discretion did not appoint stand-by counsel.

On September 7, 2018, the Government filed a "Motion for Hearing to Review Bond" (Document No. 12). In the motion, the Government asserted that Defendant had not surrendered a passport in his possession as required by the bond conditions. The motion came on for hearing before Judge Howell on September 14, 2018. In large part because Defendant surrendered his passport shortly before the hearing, Judge Howell denied the motion and did not modify the bond conditions in an order that followed the hearing (Document No. 16).

## NEW BOND ALLEGATIONS

In what amounts to a second round of alleged bond violations, the Government now alleges that Defendant has violated either or both of two conditions: that Defendant not violate any federal, state, or local law; and that Defendant comply with federal and state tax laws while on release. The evidence proffered by the Government at the hearing strongly suggested that Defendant filed a document with the Court (Document No. 19) in which he stated under oath that he has no social security number. In an attachment to the same document, he includes his correct social security number. Moreover, the Government informed the Court that in his sworn testimony before the Grand Jury, Defendant testified he had a social security number.

The Government also proffered that Defendant had taken no action whatever to comply with his tax obligations on or before October 15, 2018. Even taking into account his presumption of innocence as to the underlying charges, Defendant made no attempt to contact the IRS or the NCDOR about his tax filing obligations for this year by the most recent delayed filing date – October 15, 2018. The evidence is that he has not made so much as a single phone call, which the Government asserts is inconsistent with Judge Howell's admonition to Defendant at the last bond review hearing.

Defendant offered some explanations at the hearing, which the Court finds largely unpersuasive. The Court concludes that Defendant did in fact violate the terms of his bond in the manner suggested by the Government. Having said that, the Court does not agree with the Government's recommendation that Defendant be detained. Defendant is 72 years old, practices part-time as an orthodontist, and poses little or no risk of flight. He is representing himself, which would make detention especially punitive. For now, therefore, no modification of Defendant's bond conditions is warranted; however, Defendant is admonished that further bond violations could lead to detention pending trial.

## **OTHER ISSUES**

The Government reported at the hearing that, while it is following its Open File Policy, Defendant has made no efforts to review any of the discovery materials. Assistant U.S. Attorney Don Gast delivered to Defendant in open court the discovery DVDs for the case. During the course of the hearing, discussions about the status of the case included the charges, the maximum penalties, and the current trial term of November 7, 2018 before Judge Reidinger. Defendant stated he was aware of all these things.

The Court also discussed with Defendant his choice to represent himself in the case. Defendant was clear that he did not wish to retain counsel or to have counsel appointed for him, though he did say at one point that he cannot afford counsel. The Court concluded from the exchanges that Defendant continues to wish to represent himself and thus continues to exercise his right to self-representation. However, with due respect to Judge Howell, the Court reviewed Defendant's financial affidavit, and taking into account Defendant's part-time work schedule and the $1.9M judgment pending against Defendant in the related civil suit, the Court in its discretion appointed stand-by counsel for Defendant.

**IT IS, THEREFORE, ORDERED** that the "Violation Report" (Document No. 20), in that it is the basis of the Government's motion to revoke bond, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall remain out on his current terms of pretrial release; however, Defendant is admonished that further bond violations could result in detention pending trial.

**IT IS FURTHER ORDERED** that stand-by counsel shall be appointed for Defendant immediately; stand-by counsel, once appointed, shall meet with Defendant right away to discuss the role of stand-by counsel.

**SO ORDERED**.

Signed: October 26, 2018

David C. Keesler
United States Magistrate Judge