THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00092-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| | ) | |
| JAMES E. MACALPINE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss, Challenge to Jurisdiction, [and] Demand for Sanctions" [Doc. 14]; the Defendant's "Declaration of James Edward MacAlpine, Expression of a Trust, Appointment of a Trustee/Fiduciary, [and] Directive to Trustee/Fiduciary" [Doc. 19]; the Defendant's "Notice and [D]emand" [Doc. 22]; and the Defendant's "Notice, Assignment of Claim, [and] Directive to Fiduciary" [Doc. 26].

**I.      PROCEDURAL BACKGROUND**

On August 8, 2018, the Defendant was charged in a Bill of Indictment with one count of tax evasion, in violation of 26 U.S.C. § 7201, and one count of interfering with the administration of internal revenue laws, in violation of

26 U.S.C. § 7212(a). [Doc. 1]. The Defendant's initial appearance and arraignment were held on August 10, 2018, at which time the Defendant elected to proceed *pro se*.

On September 12, 2018, the Defendant filed the present Motion to Dismiss the Bill of Indictment for lack of jurisdiction, essentially claiming he is not a citizen of the United States and is therefore not subject to federal tax laws. [Doc. 14]. In his motion, the Defendant also demands that sanctions be imposed against the United States Attorney for bringing this action against him. [Id.].

Thereafter, the Defendant made a series of filings, in which he: seeks the appointment of the United States Attorney as a trustee/fiduciary and directs the United States Attorney "to discharge all charges" set forth in the Bill of Indictment [Doc. 19]; gives notice of a "claim of right of Subrogation for Court Bond Funds" [Doc. 22]; and purports to assign this alleged right of subrogation to the United States Attorney for the purpose of discharging his tax liability [Doc. 26].

The Government has responded to the Defendant's Motion to Dismiss [Doc. 17]. These pending matters are now ripe for disposition.

## II. DISCUSSION

> Like moths to a flame, some people find themselves irresistibly drawn to the tax protestor movement's illusory claim that there is no legal requirement to pay federal income tax. And, like the moths, these people sometimes get burned.

United States v. Sloan, 939 F.2d 499, 499-500 (7th Cir. 1991).

By all accounts, the Defendant is an intelligent, educated individual. He is a licensed orthodontist and has maintained his own orthodontic practice in Buncombe County, North Carolina for several years. Despite his intelligence and education, the Defendant has persisted in asserting the frivolous argument that he is not a citizen of the United States and thus not subject to federal income tax laws. The Defendant's persistence in this flawed line of reasoning has resulted in the imposition of civil penalties and monetary fines; state criminal convictions; civil judgments; and professional discipline. His fruitless claims have now lead to potential federal criminal liability.

The Defendant has taken upon himself the onerous task of representing himself in this criminal prosecution. In the course of that self-representation, the Defendant has filed the present Motion to Dismiss, a seven-page missive filled with "unsupported assertions, irrelevant platitudes, and legalistic gibberish." Crain v. Comm'r, 737 F.2d 1417, 1418 (5th Cir.

1984) (per curiam). Despite the lack of coherence in the Defendant's filings, the Court will endeavor to address the arguments raised by the Defendant.

At bottom, the Defendant's motion seeks the dismissal of this criminal prosecution for lack of subject matter jurisdiction. The jurisdiction of this Court, however, cannot reasonably be called into question. The district courts of the United States have jurisdiction over all crimes against the United States, including violations of federal criminal laws. See U.S. Const. art. III, § 2, cl. 1; 18 U.S.C. § 3231. To the extent that the Defendant argues that this Court lacks subject matter jurisdiction over this prosecution, the Defendant's argument is frivolous and without merit. See United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) ("Efforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either 'silly' or 'frivolous' by a myriad of courts throughout the nation.") (citations omitted); United States v. Evans, 717 F.2d 1334, 1334 (11th Cir. 1983) (per curiam) (finding appellant's contention that district court lacked subject matter jurisdiction over the offense of willful failure to file federal income tax returns to be frivolous); United States v. McCarty, 665 F.2d 596, 597 (5th Cir. 1982) (finding defendant's jurisdictional claims to be "without perceivable merit.").

It cannot reasonably be disputed that Congress has the authority to enact criminal sanctions for violations of the Internal Revenue Code. Congress has the power, pursuant to Article 1, section 8 of the United States Constitution, "[t]o lay and collect Taxes, Duties, Imposts and Excises…." U.S. Const. art. 1, § 8, cl. 1. Since the enactment of the Sixteenth Amendment in 1913, Congress also has had the "power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." U.S. Const. amend. XVI. The validity of the Sixteenth Amendment and the subsequently enacted revenue laws have long been upheld. See Brushaber v. Union Pac. R.R., 240 U.S. 1, 12-19 (1916); United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994); Collins, 920 F.2d at 629; United States v. Drefke, 707 F.2d 978, 981 (8th Cir. 1983). With the authority to impose taxes "must also go the power to enforce the collection of such taxes." United States v. McMullen, 755 F.2d 65, 67 (6th Cir. 1984). Accordingly, the Court clearly has subject matter jurisdiction over this criminal prosecution for tax evasion and interference with the administration of internal revenue laws.

The foundational assertion of the Defendant's challenge to this criminal prosecution is his contention that he is not in fact a citizen of the United

5

Case 1:18-cr-00092-MR-WCM   Document 30   Filed 12/18/18   Page 5 of 15

States, but rather only a citizen of North Carolina.[1] As such, he argues, he can claim exemption from federal income tax liability as a "nonresident alien." In so arguing, the Defendant lists a series of quotes from various legal authorities. For the purpose of the immediate motion, however, the Defendant argues that two cases "are particularly germane." [Doc. 14 at 3].

First, the Defendant cites <u>United States v. Slater</u>, 545 F. Supp. 179 (D. Del. 1982), for the proposition that the IRS cannot enforce a tax liability if a defendant can prove he is not a citizen of the United States. The <u>Slater</u> decision, however, is of no benefit to the Defendant. In <u>Slater</u>, the defendant objected to a summons issued by the IRS which directed the defendant to appear and produce tax records. Specifically, the defendant argued that he was not a "person" within the meaning of the Internal Revenue Code and thus not liable to pay federal taxes. The court quickly disposed of the defendant's argument, noting:

> Subtitle A of the Internal Revenue Act of 1954, Title 26 of the United States Code, was enacted in accordance with Congress' constitutional power to lay and collect an income tax. There is a tax imposed, in 26 U.S.C. § 1, on the income of "every individual."

---

[1] The Defendant takes great pains to distinguish "North Carolina" from the "State of North Carolina," referring to the latter as "a fraudulent, seditious entity exacting untold money and committing treason against the body politic known as North Carolina, one of the original states." [Doc. 14 at 6]. The Defendant offers no cogent argument or relevant legal authority to support the making of such a distinction.

6

> **No provision exists in the tax code exempting from taxation persons who, like Slater, characterize themselves as somehow standing apart from the American polity, and the defendant cites no authority supporting his position.** Slater's protestations to the effect that he derives no benefit from the United States government have no bearing on his legal obligation to pay income taxes. Unless the defendant can establish that he is not a citizen of the United States, the IRS possesses authority to attempt to determine his federal tax liability.

Slater, 545 F. Supp. at 182 (emphasis added). Finding that the defendant had not raised any valid objection, the court granted the IRS's motion to enforce its summons. Id. at 183.

Like Slater, the Defendant in the present case has not cited any authority to support his position that he is somehow exempted from the tax code. While the Defendant latches on to an isolated phrase in Slater, which the Defendant interprets to mean that the IRS has no authority to determine the tax liability of a non-U.S. citizen,[2] it is without question that the Defendant in the present case *is* a United States citizen. It is undisputed that the Defendant was born in Michigan; as such, he became a United States citizen upon birth. See U.S. Const. amend. XIV § 1. There is nothing in the record

---

[2] It should be noted that the Slater Court did not state, even in dictum, that a non-citizen is exempt from federal tax on income earned in the United States.

7

to indicate that the Defendant has ever formally renounced his United States citizenship or taken any steps to do so. As such, the Defendant is a citizen of the United States and thus is subject to taxation by the federal government.

The second case which the Defendant finds "particularly germane" is <u>Belmont v. Town of Gulfport</u>, 97 Fla. 688, 122 So. 10 (1929). In that case, the Florida Supreme Court construed the meaning of the terms "taxpayer" and "citizen" in the context of a state law which authorized parties to intervene in a proceeding validating a bond issue. The <u>Belmont</u> decision has no bearing on whether the Defendant in the present case is a United States citizen for the purpose of imposing federal tax liability. The Defendant's reliance on certain quotes taken out of context from that decision do nothing to advance his argument.

The Defendant also relies heavily on an Internal Revenue regulation, which provides for the classification and manner of taxing "alien individuals." 26 C.F.R. § 1.871-1. As discussed above, however, it is undisputed that the Defendant is a citizen of the United States, and therefore, the IRS's

classification of alien individuals for tax liability purposes has no bearing on him.³

The Defendant also seeks to invoke his so-called "Miln rights," citing a Supreme Court decision from 1837, Mayor, Alderman and Commonalty of New York v. Miln, 36 U.S. 102 (1837). It is unclear, however, as to what rights the Defendant is referring. In Miln, the defendant challenged the constitutionality of a New York law which required ship captains to file a written report of all the foreign passengers brought into the port of New York. The defendant argued that the state act in question attempted to regulate foreign commerce even though such is constitutionally reserved to the federal government, and thus violated the United States Constitution. The Supreme Court rejected this argument, holding that the act was a proper exercise of the state's police power. Id. at 23. Even though it is far from clear, it seems that the Defendant in claiming his "Miln rights" is relying on the Supreme Court's holding in Miln that "[p]ersons are not the subject of

---

³ Even if the Defendant were not a United States citizen, he would still be required to pay taxes on income earned from his orthodontic practice in North Carolina. Resident aliens are taxed in the same manner as United States citizens – that is, they are obligated to pay taxes on income derived both within and without the United States. 26 C.F.R. § 1.871-1(a). Indeed, even nonresident aliens must pay taxes on income connected to a trade or business in the United States. See 26 C.F.R. §§ 1.871-8 and 1.871-9. Thus, even if the Defendant could somehow establish his "nonresident alien" status – despite being born in the United States and living here his entire life – he would still owe federal taxes on the income earned from his orthodontic practice.

9

commerce," id. at 104, and thus the regulation of the movement of persons within a state does not falls within Congress' power under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3.[4]  The act imposing the income tax, which act the Defendant is alleged to have violated, was not passed pursuant to Congress' Commerce Clause power, but rather pursuant to its power to levy taxes.  See U.S. Const. art. I, § 8, cl. 1.  Thus, the Defendant's reliance on any such "Miln rights" is entirely misplaced.  In short, Miln offers no assistance to the Defendant in this proceeding.

The tortured arguments advanced by the Defendant in his motion to dismiss all rest on an unstable, faulty premise: that by declaring his North Carolina citizenship, he may disclaim any United States citizenship and thereby declare himself to be a non-taxable alien.  "This belief is, of course, incorrect."  United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (finding defendant's argument disclaiming United States citizenship to be "completely without merit" and "patently frivolous"). His fervent declarations

---

[4] Presumably, the Defendant's reference to "Miln rights" refers to his right to have his movements within North Carolina governed only by North Carolina and not by the federal government.

notwithstanding, the Defendant has been, and remains, a United States citizen subject to liability for unpaid federal income tax.

For all these reasons, the Defendant's Motion to Dismiss [Doc. 14] is denied.

While the Defendant's other filings do not seek any affirmative relief, the Court feels compelled to address them, as they also reflect the continuing efforts by the Defendant to defeat this prosecution based upon a fundamental misapprehension of the law.

In his "Declaration," the Defendant posits that "JAMES E. MACALPINE" – that is, the version of his name in all capital letters as it appears in the Indictment in this case – is in fact a constructive trust created by the United States Attorney and the United States for the purpose of prosecuting the present criminal action. [Doc. 19 at 2]. It is apparently the Defendant's belief that the "JAMES E. MACALPINE" referenced in the Indictment is an entity separate and apart from "James Edward MacAlpine, a living, breathing flesh-and-blood man." [Id. at 3]. The Defendant then purports to direct the United States Attorney, as the trustee/fiduciary of this so-called constructive trust, to "discharge all charges levied against JAMES E. MACALPINE." [Id.]. If the United States Attorney fails to comply with this directive, the Defendant warns, the United States Attorney "will be guilty of

11

breach of fiduciary duty, which will strip him of all presumed immunity from civil suit." [Id.].

In his "Notice and [D]emand," the Defendant purports to give notice of a claim of right of subrogation of court bond funds. [Doc. 22]. The Defendant further explains this so-called right of subrogation in the "Notice, Assignment of Claim, Directive to Fiduciary." [Doc. 26]. In this document, the Defendant purports to assign his title and interest in all funds held by the United States for his benefit in the "AllianzGI NFJ Large Cap Value Fund," a mutual fund which the Defendant contends has assets in excess of $374,000,000. [See Doc. 22 at 3; Doc. 26 at 1].

The Defendant's filings appear to rely on legal theories similar to those espoused by individuals who are commonly called "sovereign citizens." The sovereign citizen movement is premised on a theory that federal, state, and local governments are illegitimate and thus, laws and regulations enacted by those bodies are unenforceable. See Shipman v. Bank of Am., No. 3:16-CV-772-RJC-DSC, 2017 WL 872651, at *2 (W.D.N.C. Mar. 3, 2017), report and recommendation adopted in part sub nom. Shipman v. Funds Mgmt. Branch, No. 3:16-CV-772-RJC-DSC, 2018 WL 3872320 (W.D.N.C. Aug. 15, 2018). Courts across the United States have rejected the legal claims and defenses asserted by sovereign citizens, finding such claims and defenses

12

to be "frivolous, irrational and unintelligible."  Id.; see also United States v. Mitchell, 405 F. Supp. 2d 602, 604-06 (D. Md. 2005) (summarizing history of "sovereign citizen" legal theories).

First, as to the Defendant's contention that the version of his name in all capital letters as used in his Indictment and other legal documents somehow creates an entity separate and apart from the Defendant as an individual, this argument is entirely without merit.  See, e.g., United States v. Rivera, No. CIV 14-0579 JB/CG, 2015 WL 4042197, at *23 (D.N.M. June 30, 2015) (rejecting "lower-case-name" argument "as has every court to ever hear it").  It is "James Edward MacAlpine, a living, breathing, flesh-and-blood man" who has been charged, arrested, and arraigned in this matter.  Thus, if convicted and so sentenced, it will be that "flesh-and-blood man" who will be remanded to the custody of the Bureau of Prisons.  This Court recognizes James E. MacAlpine, whether his name is spelled in all capital letters or otherwise, as the Defendant who is charged in this case.

Second, as to the Defendant's contention that the Government holds funds for his benefit in a large mutual fund, the Defendant has failed to show that such fund in fact exists, much less that the Defendant has any recognized property interest therein.  Even if, however, the Defendant could prove that such a fund was being held by the federal government for his

13

benefit, the existence of such fund would not absolve the Defendant of any potential criminal liability for evading taxes or interfering with the administration of internal revenue laws.

In short, the "Notices" and "Declarations" filed by the Defendant are of no legal effect in this case. They are frivolous, nonsensical filings, and therefore will be stricken from the record. While the Defendant certainly has the right to vigorously pursue a defense in this case, he does not have the unfettered right to inundate this Court with frivolous filings of this nature. Accordingly, the Defendant is hereby placed on notice that filings of a similar nature to these "Notices" and "Declarations" will in the future be summarily stricken from the record and disregarded by the Court.

The Defendant has expended an enormous amount of energy and time advancing nonsensical and frivolous legal theories in an effort to thwart this prosecution. With the trial date now fast approaching, the Defendant would be well-advised to abandon these fruitless arguments and consult with his appointed standby counsel in order to prepare a defense based on the actual law.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Dismiss, Challenge to Jurisdiction, [and] Demand for Sanctions" [Doc. 14] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's "Declaration of James Edward MacAlpine, Expression of a Trust, Appointment of a Trustee/Fiduciary, [and] Directive to Trustee/Fiduciary" [Doc. 19]; the Defendant's "Notice and [D]emand" [Doc. 22]; and the Defendant's "Notice, Assignment of Claim, [and] Directive to Fiduciary" [Doc. 26] are hereby **STRICKEN** as frivolous.

**IT IS SO ORDERED.**

Signed: December 17, 2018

Martin Reidinger
United States District Judge