UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:18-CR-92 |
| | ) | |
| v. | ) | **PROPOSED JURY INSTRUCTIONS** |
| | ) | |
| JAMES E. MACALPINE | ) | |
| _____ | ) | |

  NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, and proposes the attached jury instructions for the Court's consideration in the above-captioned case, to be paired along with the Court's standard jury instructions.

  RESPECTFULLY SUBMITTED, this the 7th day of January 2019.

            R. ANDREW MURRAY
            UNITED STATES ATTORNEY

            **/s/** Daniel V. Bradley
            DANIEL V. BRADLEY
            ASSISTANT UNITED STATES ATTORNEY
            100 Otis St., Suite 233
            Asheville, NC 28801
            (828) 271-4661 (main line)
            (828) 259-0644 (desk)
            Daniel.Bradley@usdoj.gov

1

## Government's Proposed Jury Instruction No. 1

*Computation of Tax Deficiency*

The first step in arriving at an individual's taxable income is to determine the gross income of that individual. Gross income generally means all income from whatever source derived. Gross income includes, but is not limited to, compensation for services, such as wages, salaries, fees, or commissions, income derived from a trade or business, gains from dealings in property, interest, royalties, and dividends. Gross income includes both lawful and unlawful earnings.

After having determined an individual's gross income, the next step in arriving at the income upon which the tax is imposed is to subtract from the gross income such deductions and losses as the law provides. In this connection, an individual is permitted to deduct from gross income all of the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business or other profit-seeking endeavors, to the extent those expenses are not reimbursed by the business.

The amount remaining after subtracting the allowable deductions and losses from gross income is termed "adjusted gross income." In arriving at income upon which the tax is imposed, the individual is permitted to deduct from adjusted gross income either the zero bracket amount allowed by law or, in the alternative, amounts paid during the year for itemized deductions, which are limited by law, such as medical expenses, state income and property taxes, interest, charitable contributions, and other miscellaneous items. An individual is then allowed a deduction for each qualified exemption. The resulting figure is termed "taxable income," that is to say, the sum on which the income tax is normally imposed.

**Sources:** 26 U.S.C. §§ 61 through 223 (Corporations, 26 U.S.C. §§ 61 through 281)

**Government's Proposed Jury Instruction No. 2**

*Tax Deficiency*

Proof of an IRS assessment is prima facie evidence of the existence of a tax deficiency. Moreover, if a taxpayer has filed a return and not paid the tax reported as due and owing, the reporting of the tax is a self-assessment of the tax due and owing.

**Sources:** *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002) (explaining that the assessment is presumptively correct); *United States v. Hopkins*, 859 F. Supp. 208, 211 (S. D. W. Va. 1994) (Copenhaver, J.) (citing *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir.1980)); *United States v. Silkman*, 220 F.3d 935, 937 (8th Cir. 2000); *United States v. Voorhies*, 658 F.2d 710, 715 (9th Cir. 1981).

## Government's Proposed Jury Instruction No. 3

*Elements of Count One*

To establish the offense of attempting to evade and defeat the payment of a tax, the government is required to prove beyond a reasonable doubt the following three elements:

First, that a substantial income tax was due and owing from the defendant;

Second, that the defendant made an affirmative attempt, in any manner, to evade or defeat the payment of the income tax; and

Third, that the defendant acted willfully.

**Sources:** 26 U.S.C. § 7201; *Spies v. United States*, 317 U.S. 492 (1943); *Lawn v. United States*, 355 U.S. 339, 361 (1958); *Sansone v. United States*, 380 U.S. 343, 351 (1965); *United States v. Pomponio*, 429 U.S. 10, 12 (1976); *Cheek v. United States*, 498 U.S. 192, 195 (1991).

## Government's Proposed Jury Instruction No. 4

*Proof of Precise Amount of Tax Owed Not Necessary*

The government must prove beyond a reasonable doubt that the defendant willfully attempted to evade or defeat a substantial tax owed.

Although the government must prove a willful attempt to evade a substantial tax owed, the government is not required to prove the precise amount of additional tax alleged in the Bill of Indictment, or the precise amount of tax owed.

**Source:** Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions*, § 67.08 (5th Ed. 2000)

## Government's Proposed Jury Instruction No. 5

*Definition of "Willfully"*

An act is done "willfully" if done voluntarily and intentionally with the purpose of violating a known legal duty.

**Source:** *United States v. Sehnai*, 930 F.2d 1420, 1427 (9th Cir. 1991).

6

Case 1:18-cr-00092-MR-WCM   Document 37   Filed 01/07/19   Page 6 of 13

## Government's Proposed Jury Instruction No. 6

*Good Faith*

A defendant does not act willfully if he believes in good faith that he is acting within the law or that his actions comply with the law. Therefore, if the defendant actually believed that what he was doing was in compliance with the tax law, he cannot be said to have willfully attempted to evade or defeat the payment of taxes. This can be so even if the defendant's belief was not objectively reasonable, as long as he actually held the belief in good faith. Nevertheless, you may consider, as a factor in deciding whether he actually held that belief, whether the defendant's asserted beliefs about the tax statutes were reasonable.

On the other hand, if the defendant claimed, even in good faith, that the tax laws were not valid or were unconstitutional, then he would not be excused from violating them. If the defendant understood the duties imposed on him, but claimed that the Internal Revenue laws were invalid or unconstitutional as applied to him, that claim, no matter how earnestly asserted, would not be a defense to the charges in this case.

Likewise, a disagreement with the Internal Revenue Code, or a claim that the law should be different from what it is, no matter how earnestly asserted, is not a defense and does not negate willfulness. It is the duty of all citizens to obey the law whether they agree with it or not.

I instruct you that a defendant who knows what the law requires and who merely disagrees with the law and disobeys it does not present a good faith defense.

**Sources:** *Cheek v. United States*, 498 U.S. 192 (1991); *United States v. Marston*, 517 F.3d 996, 1003 (8th Cir. 2008); *United States v. Dean*, 487 F.3d 840, 850-51 (11th Cir. 2007); *United States v. Pensyl*, 387 F.3d 456, 459-60 (6th Cir. 2004); *United States v. Middleton*, 246 F.3d 825, 837 (6th Cir. 2001); *United States v. Hilgeford*, 7 F.3d 1340, 1342-44 (7th Cir. 1993); *United States v. Grunewald*, 987 F.2d 531,536 (8th Cir. 1993); *United States v. Barnett*, 945 F.2d 1296, 1298-99 (5th Cir. 1991).

## Government's Proposed Jury Instruction No. 7

*Good Faith—Objective Reasonableness*

While a good faith belief need not be objectively reasonable to negate willfulness, the objective reasonableness of a belief is a factor for the jury to consider in determining whether a defendant actually held the belief and acted upon it.

The more farfetched a belief is, the less likely it is that a person actually held or would act upon that belief. A defendant who knows what the law is and who disagrees with it does not have a defense of bona fide misunderstanding.

A persistent refusal to acknowledge the law does not constitute misunderstanding of the law. One is not immune from criminal prosecution if he knows what the law is but believes that it should be otherwise and therefore violates it.

**Sources:** Seventh Circuit Pattern Jury Instruction (edited); *United States v. Marston*, 517 F.3d 996, 1003 (8th Cir. 2008); *United States v. Dean*, 487 F.3d 840, 850-51 (11th Cir. 2007); *United States v. Pensyl*, 387 F.3d 456, 459-60 (6th Cir. 2004); *United States v. Middleton*, 246 F.3d 825, 837 (6th Cir. 2001); *United States v. Hilgeford*, 7 F.3d 1340, 1342-44 (7th Cir. 1993); *United States v. Grunewald*, 987 F.2d 531, 536 (8th Cir. 1993); *United States v. Barnett*, 945 F.2d 1296, 1298-99 (5th Cir. 1991).

8

## **Government's Proposed Jury Instruction No. 8**

*Elements of Count Two*

In order for you to find the defendant guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant in any way corruptly;

Second, endeavored to;

Third, obstruct or impede the due administration of the Internal Revenue Laws.

**Sources:** *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997); *United States v. Williams*, 644 F.2d 696, 699 (8th Cir. 1981).

## Government's Proposed Jury Instruction No. 9

*Success Not Necessary*

It is not necessary for the government to prove that the "endeavor" was successful or in fact achieved the desired result.


**Sources:** *United States v. Cioffi*, 493 F.2d 1111, 1118-19 (2d Cir. 1974); *United States v. Williams*, 644 F.2d 696, 699 n.14 (8th Cir. 1981).

## Government's Proposed Jury Instruction No. 10

*Definition of "Corruptly"*

To act "corruptly" is to act with the intent to secure an unlawful advantage or benefit either for oneself or for another.

**Sources:** *United States v. Saldana*, 427 F.2d 298, 204-05 (5th Cir. 2005); *United States v. Winchell*, 129 F.3d 1093, 1098 (10th Cir. 1997); *United States v. Valenti*, 121 F.3d 327, 331 (7th Cir. 1997); *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997); *United States v. Workinger*, 90 F.3d 1409, 1414 (9th Cir. 1996); *United States v. Dykstra*, 991 F.2d 450, 453 (8th Cir. 1993); *United States v. Popkin*, 943 F.2d 1535, 1540 (11th Cir. 1991); *United States v. Reeves*, 752 F.2d 995, 1001 (5th Cir. 1985).

**Government's Proposed Jury Instruction No. 11**

*Definition of "Obstruct or Impede"*

To "obstruct or impede" is to hinder or prevent from progress, check, stop, also to retard the progress of, make accomplishment difficult and slow.

**Source:** Black's Law Dictionary pg. 972 (5th ed. 1979)

12

Case 1:18-cr-00092-MR-WCM   Document 37   Filed 01/07/19   Page 12 of 13

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January 2019, the foregoing was duly served upon the following standby counsel through CM/ECF:

Robert E. Nunley

Nunley & Associates, PLLC

P.O. Box 111

Green Mtn., NC 28740

919-616-8545

Email: marinejudge@gmail.com

<pre>                          /s/ Daniel V. Bradley
                          DANIEL V. BRADLEY
                          ASSISTANT UNITED STATES ATTORNEY</pre>