# Elections By James E. MacAlpine

I, James E. MacAlpine, having been previously advised by the Honorable Martin Reidinger, U.S. District Judge, of my rights to counsel and my right to represent myself in a pending matter in federal court for the Western District of North Carolina, and having had the benefit of multiple meetings with Mr. Robert Nunley, my assigned standby counsel, do hereby make the following elections:

1. Mr. Nunley has completed his review of the more than 16,000 pages of discovery and the more than 13 hours of recordings in the discovery provided to us by the U.S. Attorney's office. He has given me a frank assessment of the evidence in the case and my chances of being found guilty of one or both of the offenses charged in the present case, based upon his more than 30 years of experience as a criminal trial attorney, prosecutor and former judge.

2. Mr. Nunley has further discussed in depth with me his estimation of a potential sentencing range under the U.S. Sentencing Commission's Guidelines should I be found guilty of the offenses charged. He has discussed the advantages and disadvantages of entering a Guilty plea, with or without a plea agreement with the Government. He has also in detail advised me of the advantages of getting credit for any cooperation and/or acceptance of responsibility and the fact that I would most likely receive a much harsher sentencing range under the Guidelines if I chose not to either plead Guilty, or cooperate, or accept responsibility for any alleged misconduct. While no specific plea agreement has been offered by the Government to me, directly or via Mr. Nunley, I understand from Mr. Nunley that the Government would be amenable to entering into some form of an agreement, should I desire to do so, and avoid the need for the pending trial.

3. Mr. Nunley has met with me on a number of occasions for multiple hours in an attempt to assist in preparing me to handle my own case, if I were to choose to continue to represent myself pro se. He has instructed me on each phase of the pending trial, from creating a trial notebook, through voir dire, and on opening statement, direct and cross examination, closing argument, the jury instruction conference, and jury deliberations. He has also discussed with me the issues of witnesses I may want to call on my behalf and the existence of any documentary or other physical evidence I might want to present.

4. Mr. Nunley and I have discussed our reciprocal discovery obligations and the decision I get to make on whether I testify on my own behalf, or not, in the pending trial. We have also discussed the advantages and disadvantages of me representing myself pro se and presenting my own defense case or having Mr. Nunley fulfill the more traditional role of defense counsel, not merely that of standby counsel, in assisting in representing me in the pending matter. I understand that if I elect for Mr. Nunley to take over as my defense counsel in the pending matter, it will be an irrevocable decision and Mr. Nunley will be the person who makes the normal decisions of the lead defense counsel and I will be making those decisions reserved for someone in the role of a defendant. I fully understand that I may not further proceed pro se if I elect to have Mr. Nunley take over the defense counsel role.

5. Mr. Nunley and I have also discussed the process of appellate review of the pending matter, should I be convicted of any charge. As part of those discussions, we have talked about the effect of a Guilty plea, the presence of appellate waivers in any plea agreement that the Government would offer, the failure to make timely objections, the need to make key motions to dismiss, and other aspects of the trial necessary for me to preserve any and all of my appellate rights.

6. As a result of all my meetings with Mr. Nunley, and considering the advice he has provided to me, I elect to cease representing myself pro se, effective immediately, and proceed from this day forward with Mr. Nunley representing me as my assigned defense counsel. I understand this decision cannot be reversed and me returned to a pro se role in the pending matter. Should I become dissatisfied with Mr. Nunley as my defense counsel, it would be necessary for me to advise the Court of such an event and seek replacement counsel.

7. As a result of all my meetings with Mr. Nunley, and considering the advice he has provided to me, I elect to proceed to trial and to forego the opportunity to plead Guilty and to seek an opportunity to enter into a plea agreement with the Government.

8. By way of formal notice to the Government in response to their request for reciprocal discovery, I am giving notice that at this point it is my intention that in my defense we will not be calling any witness, other than possibly myself, to testify on my behalf or offering any documentary evidence, not previously in the possession of the Government. We reserve the right to have me testify on my own behalf, and to present documentary evidence (or even testimonial evidence) in response to matters that arise in the Government's case-in-chief, which at this time we have not anticipated.

This document was prepared for my signature by Mr. Nunley and I have reviewed it thoroughly with him and understand that he will be filing this with the Court to document my above elections. This, the 9th day of January, 2019.

_____
JAMES E. MACALPINE

2

Case 1:18-cr-00092-MR-WCM   Document 40   Filed 01/09/19   Page 2 of 2