THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00092-MR-WCM

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| JAMES E. MACALPINE, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Second Motion to Continue Docket Call/Trial [Doc. 41].

On August 8, 2018, the Defendant James E. MacAlpine was charged in a Bill of Indictment with one count of tax evasion, in violation of 26 U.S.C. § 7201, and one count of interference with the administration of Internal Revenue laws, in violation of 26 U.S.C. § 7212(a). [Doc.1]. The Defendant's initial appearance and arraignment were held on August 10, 2018, at which time the Defendant elected to proceed *pro se*. The case was calendared for the September 4, 2018 trial setting but was then continued pursuant to 18 U.S.C. § 3161(c)(2) to the November 7, 2018 trial term. On October 26, 2018, the Defendant was appointed attorney Robert Nunley as standby counsel. [Doc. 26].

Mr. Nunley moved for a continuance of the trial, citing the need to review the voluminous discovery produced in the case. The Court granted the continuance, and this matter was scheduled for trial during the January 7, 2019 term. [Doc. 29]. On January 2, 2019, the Court rescheduled the trial to begin on January 14, 2019.

On January 9, 2019, Mr. Nunley filed a statement, signed by the Defendant, indicating that he intended to have Mr. Nunley represent him and that he no longer wished to proceed *pro se*. [Doc. 40]. The Defendant, through counsel, then moved to continue the trial for a third time. [Doc. 41]. The Court held a hearing on the Defendant's motion on January 11, 2019.

As grounds for a continuance, defense counsel states that the Government advised him on the evening of January 9, 2019 that it had just discovered additional evidence, consisting of more than 2,100 pages and at least one audio recording, to disclose to the Defendant. While it is unclear how much of this newly discovered material is duplicative of what has already been produced, counsel states that additional time is necessary to review this material and to prepare for trial. Counsel further states that additional time is needed for the parties to engage in plea discussions.

Upon review of the Defendant's motion, and for the reasons stated by counsel, the Court finds the case should be continued. If the requested

continuance were not granted, the Court finds that counsel would be denied "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Additionally, without the requested continuance, counsel would not have the ability to engage in meaningful plea negotiations, which would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Continue [Doc. 41] is **GRANTED**, and the above-captioned case is **CONTINUED** from the January 14, 2019 term in the Asheville Division.

**IT IS SO ORDERED.**

Signed: January 14, 2019

Martin Reidinger
United States District Judge