THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00092-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>          Plaintiff,   )<br>  )<br>     vs.          )<br>  )<br>  )<br>JAMES E. MACALPINE,      )<br>  )<br>          Defendant.   )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's *pro se* Motion to Seal Documents in the Court Records [Doc. 56].

Foremost, the Defendant is currently represented by counsel. The Court does not ordinarily entertain motions filed by a criminal defendant who is represented by counsel and who has not formally waived his right to counsel. See LCrR 47.1(g). Nevertheless, in light of the nature of the motion, the Court in its discretion will address the merits of Defendant's *pro se* Motion.

The Defendant, proceeding *pro se*, moves the Court for leave to file the following under seal in this case:

   a. Notice and directive to the United States Court for the Western District of North Carolina as

> Trustee for the JAMES E. MACALPINE Case 1:18CR92 TRUST Defendant, a Trust with Affidavit in Support;
>
> b. Notice and Declaration of Private Living Estate Trust by a natural Man; and
>
> c. Notice of Arrival of Head of Mission.

[Doc. 56 at 1].

Before sealing a court document the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on August 14, 2019, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has recently addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a defendant's filing in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. No such information, however, is

found in the *pro se* filings at issue here. As for other information a defendant seeks to seal, the Court should consider the materiality of the information to an understanding of the Defendant's case. The more significant the information to any relief the Defendant seeks, the less likely it should be placed in the record under seal. For instance, identities of and information regarding a defendant's family members (particularly minors) are rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. at 492. No such family information, however, is contained in Defendant's *pro se* filings in this matter.

Here, the Defendant fails to provide any intelligible basis to support a decision to seal the *pro se* filings and for rejecting the alternatives for sealing.[1] The Defendant's *pro se* filings appear to merely be an attempt to

---

[1] The Defendant argues that the *pro se* filings should be sealed "because exposing them to the general public could severely damage Public Policy and the integrity of the Court System." [Doc. 56 at 2]. Defendant's argument, however, is the antithesis of the public's qualified right of access to judicial documents and records. In actuality, the press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)). As such, the Defendant's argument completely misses the mark.

support his previous frivolous arguments that he is not a citizen of the United States and thus not subject to federal income tax laws. [See Doc. 30]. Further, the only private personal information contained in the *pro se* filings appears to be the Defendant's social security number. [Doc. 57 at 6-7].

As such, the Defendant's *pro se* Motion fails to provide a sufficient basis to support a decision to seal the *pro se* filings. For these reasons, the Court will deny the Defendant's *pro se* Motion. The Court, however, will redact the Defendant's social security number from the *pro se* filings, as that information is not germane to the factors for sentencing and thus appropriate to redact.

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Motion to Seal Documents in the Court Records [Doc. 56] is **DENIED**. The Clerk of Court is directed to unseal the *pro se* filings [Doc. 57] upon the entry of this Order, redacting only the Defendant's social security number found on pages 6 and 7.

**IT IS SO ORDERED.**

Signed: August 19, 2019

Martin Reidinger
United States District Judge